UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CARROLL RAY LYNN, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. M-18-CV-162 |
| VS. | § | |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Docket No. 1.) Pending before the Court is Petitioner's "Motion for Class Action Certification." (Docket No. 2.) Petitioner seeks to certify a class of "hundreds, if not thousands" of Texas inmates whose sentences have allegedly been "artificially" increased by Texas prison officials. (*Id.* at 1-2.)

After carefully considering Petitioner's motion for class action certification and the applicable law, the undersigned concludes that it should be denied. Even if habeas relief can be sought in a class action, Petitioner has failed to meet the requirements for class action certification. Among other things, because Petitioner is a state prisoner proceeding pro se, he would not be an adequate class representative. Accordingly, it is recommended that the District Court deny Petitioner's motion for class action certification.

## I. BACKGROUND

On September 20, 1991, a jury in Hidalgo County, Texas, found Petitioner Lynn guilty of murder. (Docket No. 1-3, at 1.) He was sentenced to 30 years' imprisonment. (*Id.* at 1-2.) After serving about 18 years of his sentence, Petitioner "was released to parole on July 2, 2009."

(*Id.* at 4.)  However, "[w]hile on parole Petitioner sustained a new conviction on December 23, 2014 for <u>Possession of a Controlled Substance</u> and was sentenced to 7 years imprisonment by a Harris County, Texas Court."  (*Id.* (emphasis in original).)  Petitioner describes the actions of the Texas Department of Criminal Justice as follows:

> Petitioner's parole was subsequently revoked and he was returned to prison on January 25, 2015.  While being re-processed, Petitioner was informed by prison authorities that his May 18, 2021, discharge date was no longer operatable [sic] as reflected on his Parole Certificate, but instead was now August 17, 2024 [ ], which represents an increase of 3 years and 3 months."

(*Id.*)  Based on this, Petitioner claims that the "State is violating [his] due process rights by unlawfully enlarging his 30-year court imposed prison sentence and requiring him to serve his sentence in installments."  (Docket No. 1, ¶ 13; Docket No. 1-3, at 4.)

In his motion for class action certification, he alleges that "hundreds, if not thousands" of Texas inmates' due process rights are being violated by the Texas Department of Criminal Justice.  (Docket No. 2, at 1-2.)  According to Petitioner, "Texas Prison Authorities . . . 'artificially enlarge' [ ] inmates' court-imposed prison sentence with the time spent on parole or mandatory supervision upon any revocation."  (*Id.* at 2.)  Petitioner claims to be "a member of the Class which he seeks to present at the time the Class is Certified by the District Court," and as "the representative party," he asserts that he "will fairly and adequately protect the interests of the Class."  (*Id.*)

## II. ANALYSIS

It is unclear whether Petitioner's habeas claim could ever proceed as a class action.  As Justice Thomas has recently observed, the Supreme Court has "never addressed whether habeas relief can be pursued in a class action." *Jennings v. Rodriguez*, 138 S. Ct. 830, 858 n.7 (Thomas, J. concurring) (citing *Schall v. Martin,* 467 U.S. 253, 261, n. 10 (1984)).  In

*Schall*, the Court likewise previously noted that "[w]e have never decided whether Federal Rule of Civil Procedure 23, providing for class actions, is applicable to petitions for habeas corpus relief." 467 U.S. at 253 n.10 (citations omitted). Here, however, it is unnecessary to address that issue since Petitioner has clearly failed to meet the requirements for class certification.

Petitioner "seek[s] blanket Class Certification under Rule 23(a)(b)" of the Federal Rules of Civil Procedure. (Docket No. 2, at 1.) As the Fifth Circuit has explained, "the class action device exists primarily, if not solely, to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system. It preserves the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion." *Allison v. Citgo Petroleum Corp.,* 151 F.3d 402, 410 (5th Cir. 1998).

Parties seeking class certification bear the burden of proving compliance with the requirements found in Rule 23—a showing that must withstand "rigorous analysis." *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 740 (5th Cir. 1996); *see also Jenkins v. Raymark Indus.,* 782 F.2d 468, 471 (5th Cir. 1986). For a lawsuit to be certified as a class action under Rule 23(b)(3), the movant must prove that each of the four prerequisites found in Rule 23(a) and the two additional requirements in Rule 23(b)(3) are met. *Mullen v. Treasure Chest Casino, LLC,* 186 F.3d 620, 623 (5th Cir. 1999).

Under Federal Rule of Civil Procedure 23(a), a putative class action must meet the criteria of numerosity, commonality, typicality, and adequacy of representation. *Id*.; *McGrew v. Tex. Bd. Of Pardons and Paroles,* 47 F.3d 158, 162 (5th Cir. 1995). Rule 23(b) requirements "are 'predominance' and 'superiority': 'Common questions must predominate over any questions affecting only individual members'; and class resolution must be 'superior to other available


methods for the fair and efficient adjudication of the controversy.'" *Mullen,* 186 F.3d at 624 (citations omitted); *see also Anchem Prods. v. Windsor,* 521 U.S. 591 (1997); *McGrew,* 47 F.3d at 162 (citing Rule 23(a), (b)(3)); *Jenkins v. Raymark Indus., Inc.,* 782 F.2d 468, 471 & n.4 (5th Cir. 1986). The District Court "maintains great discretion in certifying" a proposed class action. *Mullen,* 186 F.3d at 624; *see also McGrew,* 47 F.3d at 162.

Here, in a cursory attempt to meet the requirements of Rule 23(a), Petitioner asserts that the purported class action would "encompass hundreds, if not thousands of parole and mandatory supervision releasees" and that "[t]here are serious questions of law and fact common to the Class that give rise to the Fourteenth Amendment's Due Process concerns." (Docket No. 2, at 1-2.) He also baldly alleges that "the representative party ("Petitioner") will fairly and adequately protect the interests of the Class." (Docket No. 2, at 1-2.) However, there are at least two problems with Petitioner's attempt to meet the requirements of Rule 23.

First, Petitioner has failed to allege, much less prove, the two class certification requirements set out in Rule 23(b). Petitioner has made no showing that common questions would predominate or that a class action is a superior method to fairly and efficiently resolve the controversy.

Second, Petitioner has failed to meet the Rule 23(a) adequacy-of-representation requirement. Specifically, courts have recognized "that a pro se prisoner is not adequate to represent the interests of his fellow inmates in a class action." *Williams v. Goodwin*, No. 13-1106, 2015 WL 745639, at *2-3 (W.D. La. Feb. 12, 2015) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxedine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *McGrew*, 47 F.3d at 162); *see also Walker v. Davis*, No. 6:17CV166, 2019 WL 125874, at *2 (E.D. Tex. Jan. 7, 2019) (agreeing that "courts generally hold *pro se* plaintiffs

cannot adequately represent classes") (citing cases).  Here, Petitioner has shown no basis to conclude that he could adequately represent a large class of Texas parolees and mandatory supervision releasees.

Because Petitioner has failed to meet the requirements of Rule 23(a) and (b), his motion for class action certification should be denied.[1]

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's "Motion for Class Action Certification" (Docket No. 2) be DENIED.

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on January 28, 2019.

_____
Peter E. Ormsby
United States Magistrate Judge

---

[1] Petitioner's clear failure to meet some of the Rule 23 prerequisites makes it unnecessary to address the other requirements.