UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CARROLL RAY LYNN, JR. | § § § | |
| Petitioner, | § § | CIVIL ACTION NO. 7:18-CV-162 |
| VS. | § § | |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner Carroll Ray Lynn, Jr., a state prisoner proceeding pro se, initiated this action in May 2018 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.) In 2014, Petitioner violated his parole from a 1991 murder conviction, and he was returned to prison to complete his 30-year sentence. In seeking federal habeas relief, Petitioner claims that his constitutional rights were violated because his sentence was unlawfully extended when he was denied credit for his time spent under supervision while on parole ("street-time"). (Docket Nos. 1, 19.)

Respondent has moved for summary judgment, contending that the petition should be dismissed because Petitioner's claim is both time barred and meritless. (Docket No. 14.) Petitioner filed objections to the motion. (Docket No. 19.)

After carefully considering the pleadings, the record, and the applicable law, the undersigned concludes that this action should be dismissed. As explained further below, Petitioner filed this federal habeas action long after the applicable one-year limitations period expired, and the circumstances here do not qualify for either statutory or equitable tolling. Accordingly, it is

1

recommended that Respondent's motion for summary judgment be granted and that this action be dismissed as untimely.

## I. BACKGROUND

In June 1991, a grand jury in Hidalgo County, Texas, returned an indictment against Petitioner in Cause Number CR-796-91-E(1), charging him with first degree murder, aggravated kidnapping, and aggravated assault. (*See* Docket No. 15-5, at 6–8, 14). A jury in the 275th Judicial District Court of Hidalgo County found Petitioner guilty of murder as charged in the indictment, and on September 20, 1991, Petitioner was sentenced to thirty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice ("TDCJ"). (Docket No. 15-5, at 10–14.)

Petitioner was subsequently released on parole. While on parole, Petitioner was charged with possession of methamphetamine. (*See* Docket No. 14-2, at 2; Docket No. 15-11, at 9.) Petitioner was convicted of this offense and sentenced to seven years' imprisonment on December 22, 2014. (*See* Docket No. 14-2, at 3–4; Docket No. 15-11, at 9.) About two weeks later, on January 6, 2015, Petitioner's parole was revoked and he was returned to custody to serve the remainder of his sentence for his murder conviction. (*See* Docket No. 15-11, at 9.) Due to the nature of his underlying conviction (murder), he was not given credit for his "street time" while on parole. (*Id.*)

On May 9, 2017, Petitioner filed an administrative complaint by submitting a Time Dispute Resolution (TDR) form to the TDCJ Custodian of Offender Records, challenging the calculation of the remaining time he was required to serve on his sentence for his murder conviction. (*See* Docket No. 1-3, at 16.) The TDCJ issued its finding on May 30, 2017, stating that Petitioner forfeited his street time (totaling three years, three months, and one day) when returning to TDCJ

custody from parole because his previous conviction (murder) was for an offense listed under Texas Government Code, § 508.149(a). (*See* Docket No. 1-3, at 17.) His forfeited street time was "added to the end of [his] sentence."[1] (*Id.*)

On July 24, 2017, Petitioner filed a state application for a writ of habeas corpus, contending that the state was violating his due process rights by illegally enlarging his sentence and requiring him to serve his sentence in "installments."[2] (*See* Docket No. 15-14, at 34–63.) On October 5, 2017, the presiding state district court judge entered findings of fact and conclusions of law, recommending that relief be denied. (*See* Docket No. 15-8, at 7–10.) On January 3, 2018, the Texas Court of Criminal Appeals denied Petitioner's state habeas application "without written order on findings of trial court without hearing." (Docket No. 15-6, at 1.)

On May 24, 2018,[3] Petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[4] In his federal petition he argues that his constitutional due process

---

[1] "Street-time credit refers to calendar time a person receives toward his sentence for days spent on parole or mandatory supervision." *Ex parte Spann*, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004).

[2] Petitioner signed his state writ on July 24, 2017. Because Petitioner does not explicitly indicate the date his state writ was placed in the prison mailing system for filing, July 24, 2017, is the earliest possible date that it could be considered filed. *See Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013) (holding that "under Texas law the pleadings of *pro se* inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities").

[3] This is the date that Petitioner signed his federal habeas petition. Again, because Petitioner does not explicitly indicate the date his federal habeas petition was placed in the prison mailing system for filing, May 24, 2018, is the earliest possible date that it could be considered filed. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) ("[A] habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.").

[4] In an order dated January 28, 2019, the undersigned informed Petitioner that because "he is in custody pursuant to a state court judgment[,]" his challenge to the execution of his sentence "should have been filed pursuant to 28 U.S.C. § 2254[.]" (Docket No. 8.) In February 2019, Petitioner filed a motion to "maintain § 2241 habeas corpus filing status." (Docket No. 10.) The

3

rights were violated by unlawfully enlarging his court imposed 30-year sentence for the murder conviction and by requiring him to serve his sentence in "installments."[5] (Docket No. 1, at 6.)

Respondent has moved for summary judgment. (Docket No. 14.) Petitioner has filed objections to Respondent's motion.[6] (Docket No. 19.)

## II. ANALYSIS

Respondent contends that Petitioner's § 2254 petition is time barred. Petitions for habeas corpus relief filed in federal court are subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254; *Lindh v. Murphy*, 521 U.S. 320, 336

---

undersigned denied the motion without prejudice because, at that point in time, it was unnecessary to resolve whether the petition should be construed as arising under § 2241 or § 2254, as that issue would be addressed in the context of Respondent's motion for summary judgment. (Docket No. 24.) The undersigned further instructed Petitioner that if he wished to further address the issue in the context of Respondent's motion for summary judgment, he was to file a supplemental briefing within thirty days. (*Id.*) Petitioner never filed any supplemental briefing. In any event, whether treated as a habeas petition under § 2241 or § 2254, the result is the same: Petitioner's claim is time barred (as will be discussed above).

[5] Petitioner has previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his murder conviction. (*See Lynn v. Thaler*, No. 7:07-cv-274, S.D. Tex. (McAllen Div.).) In September 2010, the District Court denied Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2254 and dismissed the case. The pending petition is not a "second or successive" petition, however, because it challenges the alleged unlawful enlargement of Petitioner's sentence after Petitioner's parole was revoked. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) ("[A] later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.").

[6] It appears that Petitioner has been released from prison. (*See* Docket Nos. 22, 25.) Although the record is devoid of information indicating whether Petitioner's release from prison was conditioned on further parole supervision, it is likely that Petitioner's release *was* conditioned on further supervision because his 30-year sentence has not yet been completed. The issue of Petitioner's street-time forfeiture would likely not be moot if his release was conditional; in other words, the issue of Petitioner's street-time credit may impact the duration of his service of his maximum sentence. Therefore, in an abundance of caution, Respondent's argument that Petitioner's claim is time barred will be addressed.

4

(1997). The AEDPA established a one-year period for filing habeas corpus petitions by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). In most cases, the one-year period of limitation runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Here, however, because Petitioner attempts to challenge the alleged unlawful enlargement of his sentence based on the denial of his street-time credit, the one-year period of limitation runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[7] 28 U.S.C. § 2244(d)(1)(D).

---

[7] The full text of the AEDPA limitations provision reads as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The limitation period for Petitioner's claim commenced, at the latest, on January 6, 2015, which was the date Petitioner's parole was revoked. This is the date that Petitioner knew, or could have discovered through the exercise of due diligence, that his street-time was forfeited. *See Casey v. Davis*, Civil Action No. 3:18-cv-00130, 2019 WL 4034317, at *5 (S.D. Tex. Aug. 27, 2019) (finding that one-year limitation period began to run on petitioner's claim that he was denied street-time credit on the date his parole was revoked); *Reed v. Thaler*, Civil Action No. H-11-4365, 2012 WL 1952420, at *3 (S.D. Tex. May 30, 2012) (explaining that where § 2254 petitioner was challenging the revocation of his street-time credits, the limitations period for petitioner's claim commenced on September 5, 2008, which was the date on which his parole was revoked) (citing *Kimbrell v. Cockrell*, 311 F.3d 361, 363–64 (5th Cir. 2002)). Absent some form of tolling, Petitioner had until January 6, 2016, to file his federal petition. Because Petitioner did not file his federal habeas petition until May 24, 2018, this action was filed over two years too late. Although Petitioner does not contend that the limitations period was tolled, in light of his pro se status, the possibility of tolling will be considered.

**A.     Statutory Tolling**

Section 2244(d)(2) provides that the one-year limitations period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). As such, Petitioner's post-conviction application and the submission of his TDR form will be evaluated to determine if they tolled the limitations period.

Petitioner filed a TDR form on May 9, 2017. Although the filing of a TDR tolls the AEDPA limitations period for up to 180 days, *see Stone v. Thaler*, 614 F.3d 136, 139 (5th Cir. 2010), Petitioner's filing of a TDR did not toll the limitations period here. As noted above, Petitioner filed the TDR form on May 9, 2017, which was more than one year after the AEDPA


limitations period had already expired. *See Reed*, 2012 WL 1952420, at *4 ("[The TDR] did not toll the limitation period because it was filed after the limitation period had expired.").

Similarly, Petitioner's application for state habeas relief—which was filed on July 24, 2017—did not toll the application period because it too was filed well after the limitation period had expired. *Scott v. Johnson*, 227 F.3d 260, 236 (5th Cir. 2000) (holding that the "state habeas application did not toll the limitation period under §2244(d)(2) because it was not filed until *after* the period of limitation had expired") (emphasis in original). Statutory tolling does not apply.

**B.      Equitable Tolling**

Because the one-year AEDPA limitations period is not jurisdictional, there is the possibility that it may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In *Holland*, the Supreme Court stressed that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied" and that this determination is "made on a case-by-case basis." *Id.* at 650, 652. The Fifth Circuit has explained that "equitable tolling is warranted only in 'situations where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights.'" *Jones v. Stephens*, 541 F. App'x 499, 503 (5th Cir. 2013) (per curiam) (quoting *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002)). The record reflects no such extraordinary circumstances present here, nor does Petitioner make any argument that equitable tolling should apply.

Furthermore, equitable tolling "is not intended for those who sleep on their rights." *Manning*, 688 F.3d at 183 (quoting *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010)). Because

this case presents no rare and extraordinary circumstances and because Petitioner did not act promptly to preserve his rights, equitable tolling does not apply and Petitioner's federal habeas claim is time barred.

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Respondent's Motion for Summary Judgment (Docket No. 14) be GRANTED, that Petitioner's habeas petition (Docket No. 1) be DENIED, and that this action be DISMISSED. For the reasons discussed below, it is further recommended that Petitioner be denied a certificate of appealability.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability[.]" 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack*

standard to a COA determination in the context of a habeas corpus proceeding). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claim should be dismissed on procedural grounds. For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable or wrong the conclusion that Petitioner's claim is untimely. Accordingly, Petitioner is not entitled to a COA.

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on March 5, 2020.

<div style="text-align: right;">
_____
Peter E. Ormsby
United States Magistrate Judge
</div>